UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GILBERT WASHINGTON,

      Plaintiff,

v.

                                    Case No. 8:25-cv-1122-MSS-SPF

PRIMERICA LIFE INSURANCE
COMPANY and
THE HONORABLE STEVEN D.
MERRYDAY,

      Defendants.

                                   /

## <u>REPORT AND RECOMMENDATION</u>

Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed to the Court as a motion to proceed *in forma pauperis*. (Doc. 2). Upon review of Plaintiff's Complaint (Doc. 1), Crossclaim (Doc. 2), and request to proceed *in forma pauperis* (Doc. 2), the undersigned recommends that Plaintiff's motion be denied, the Complaint dismissed, and the Crossclaim stricken.

### I.    Background

This is one of many cases brought in this District against Defendants Primerica Life Insurance Company and the Honorable Steven D. Merryday regarding the life insurance policy of Plaintiff Gilbert Washington's mother, Patricia Ann Washington. The first case was *DeBose v. Primerica Life Ins. Co.*, No. 8:24-cv-2433-SDM-NHA (M.D. Fla. Oct. 21, 2024). After Judge Merryday dismissed the action without prejudice because Plaintiff Angela Debose did not comply with the court's directive to obtain counsel because a *pro se* party may not represent an estate in which there are multiple beneficiaries, *id.* at (Doc. 34), the later cases followed

1

and included Judge Merryday. *See Washington v. Primerica Life Ins. Co., et al.*, No. 8:25-cv-1080-TPB-AEP (M.D. Fla. Apr. 25, 2025) (dismissed May 28, 2025); *Harris v. Primerica Life Ins. Co., et al.*, No. 8:25-cv-1121-WFJ-SPF (M.D. Fla. May 1, 2025) (dismissed July 16, 2025, for failure to prosecute); *Washington v. Primerica Life Ins. Co., et al.*, No. 8:25-cv-1123-WFJ-SPF (M.D. Fla. May 1, 2025) (Judge Merryday dismissed on July 11, 2025, but the case remains pending); *Washington v. Primerica Life Ins. Co., et al.*, No. 8:25-cv-1124-KKM-LSG (M.D. Fla. May 1, 2025) (dismissed May 16, 2025, for failure to pay the court's filing fee or seek *in forma pauperis* status); *Harris v. Primerica Life Ins. Co., et al.*, No. 8:25-cv-1160-JLB-NHA (M.D. Fla. May 5, 2025) (remains pending). The instant action is apparently Gilbert Washington's only case against Primerica and Judge Merryday.

Like in the other actions, Plaintiff, a Florida resident, files suit against Primerica, an insurance company with an address in Florida, for failing to pay the proceeds from Ms. Washington's life insurance policy. (Doc. 1 at 4). He seeks damages from Primerica for this breach of contract claim. (*Id.* at 5). Plaintiff also asserts that Judge Merryday, "acting under the color of state law . . . violated the civil rights of Angela Washington Debose" by denying her due process rights and access to the courts in another case Debose brought in which Judge Merryday found her to be a vexatious litigant.[1] (*Id.*). He seeks injunctive relief against Judge Merryday that "refrain[s] him or remove[s] him from this case[.]" (*Id.* at 5). Plaintiff raises the same claims against Primerica and Judge Merryday in his Crossclaim. (Doc. 2).

II.    **Legal Standard**

---

[1] In dismissing the claims against Judge Merryday from one of the cases associated with this one, Judge Barber provided an insightful summary of Ms. DeBose's lengthy history with courts in this District. *Washington v. Primerica Life Ins. Co., et al.*, No. 8:25-cv-1080-TPB-AEP, at (Doc. 2) (M.D. Fla. May 1, 2025).

2

Under 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1).  When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015).[2]  Where a district court determines from the face of the complaint that the factual allegations are baseless or the legal theories are without merit, the court may conclude that the case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Rule 12(b)(6), Federal Rules of Civil Procedure. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). Namely:

> To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at ——, 129 S.Ct. at 1949. Although we must accept all factual allegations in the complaint as true, we need not apply this rule to legal conclusions. *Id.* at ——, 129 S.Ct. at 1949. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id.* at ——, 129 S.Ct. at 1949

---

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

(quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Azar v. Nat'l City Bank*, 382 F. App'x 880, 884 (11th Cir. 2010).

And under Rule 8(a)(2), Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Bell*, 550 U.S. at 555).

Dismissal is also appropriate if, upon review, the complaint is found to lack subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report and recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010). Finally, in reviewing a complaint, courts hold pro se pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

### III.   Analysis

Upon review of Plaintiff's filings, he appears financially eligible to proceed *in forma pauperis*:  He receives $1,017 in monthly social security benefits and has from $1,050 to $1,180 in monthly expenses. *See* (Doc. 2).  Despite this, the undersigned recommends dismissal of Plaintiff's claims against Judge Merryday with prejudice and dismissal of Plaintiff's claims against Primerica without prejudice with leave to file an amended complaint.  The undersigned begins with discussing the issues with the claims against Judge Merryday and

4

Primerica separately and then turns to the general sufficiency of the Complaint and Crossclaim.

### A. Absolute Judicial Immunity and Standing

Plaintiff's claims against Judge Merryday should be dismissed with prejudice because he is entitled to absolute judicial immunity and Plaintiff lacks standing to bring these claims. A judge is entitled to absolute judicial immunity for acts performed within the scope of their judicial office. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity applies when "(1) the judge dealt with the plaintiff in his judicial capacity and (2) the judge did not act in the clear absence of all jurisdiction." *Bush v. Wash. Mut. Bank*, 177 F. App'x 16, 17 (11th Cir. 2006) (alteration in original) (citation omitted). "The immunity applies even when the judge's conduct 'was in error, was done maliciously, or was in excess of his authority.'" *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017) (quoting *Stump*, 435 U.S. at 356–57). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citing *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

Here, construing Plaintiff's Complaint liberally, he alleges that Judge Merryday, while presiding over a case in which Ms. DeBose was a party, dismissed her claims and concluded that she was a vexatious litigant. (Doc. 1 at 5). Plaintiff does not allege that Judge Merryday acted outside his judicial capacity and in "clear absence of all jurisdiction," as required to

defeat judicial immunity. *See Bolin v. Story*, 225 F.3d 1234, 1339 (11th Cir. 2000). Indeed, setting hearings, entering orders, and striking filings in cases pending before him are normal judicial functions. And, when DeBose appealed Judge Merryday's vexatious litigant finding, the Eleventh Circuit affirmed his decision. *Debose v. United States*, 2024 WL 489699, at *1-3 (11th Cir. Feb. 8, 2024). As such, Judge Merryday is entitled to absolute judicial immunity and the claims against him should be dismissed with prejudice. *McCree v. Griffin*, 2020 WL 2632329, at *1-2 (11th Cir. May 20, 2020) (holding that a judge was entitled to absolute judicial immunity from injunctive relief and money damages where the plaintiff alleged that the judge violated his constitutional rights by arbitrarily denying motion); *Bolin v. Story*, 225 F.3d 1234, 1239-40 (11th Cir. 2000) (holding that federal judges are entitled to absolute judicial immunity from injunctive relief and money damages for acts taken in their judicial capacity unless jurisdiction is clearly absent).

Plaintiff also does not have standing to challenge the Ms. DeBose's vexatious litigant order. Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. Standing is perhaps the most important Article III doctrine. *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1273 (11th Cir. 2001). To prove standing, a plaintiff must show "(1) that he has suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994) (en banc). Here, Plaintiff does not allege that he was subject to Judge Merryday's order or will be. As such, he does not have standing to bring this claim. *See Washington*, No. 8:25-cv-1080-TPB-AEP, at (Doc. 2) (stating that the plaintiff

6

did not have standing to challenge Judge Merryday's vexatious litigant order on behalf of Ms. DeBose).

### B.  Subject Matter Jurisdiction

Plaintiff's Complaint does not provide sufficient support for the Court's subject matter jurisdiction.  Actions brought pursuant to the United States Constitution, federal statutes, or treaties enjoy federal question jurisdiction in federal court. 28 U.S.C. § 1331. On the other hand, a court can exercise diversity jurisdiction where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship. 28 U.S.C. § 1332(a)(1); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *Am. Motorists Ins. Co. v. Am. Emp'rs' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979). In other words, no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). However, when an action is brought under the United States Constitution or federal law, a court may exercise supplemental jurisdiction over state law claims in the same case if those claims arise from the same conduct and circumstances as the federal claims, and thus form part of the same case or controversy. 28 U.S.C. § 1367(a); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Palmer v. Hosp. Auth. Of Randolph Cnty.*, 22 F.3d 1559, 1567-69 (11th Cir. 1994).

Here, Plaintiff's claims against Primerica appear to be of the state law variety because he alleges that Primerica failed to honor Ms. Washington's life insurance policy and acted in bad faith, which would require the Court to have diversity jurisdiction. However, because it

appears that Plaintiff and Primerica are citizens of Florida, diversity jurisdiction is unavailable. Moreover, because Plaintiff's claims against Judge Merryday are also recommended to be dismissed, Plaintiff has no federal hook to trigger supplemental jurisdiction over his claims against Primerica. It is therefore uncertain from the face of the Complaint that the Court is permitted to exercise subject matter jurisdiction.

### C. Pleading Deficiencies and Crossclaim

Plaintiff's Complaint is also an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, No. 2:22-cv-600-JES-KCD, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). A shotgun pleading is a type of pleading that is not allowed, even from *pro se* plaintiffs. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Four basic types of shotgun pleadings violate Rules 8(a), 10(b), or both: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321-

8

23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323.  Shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (citation omitted).  Consequently, the Eleventh Circuit has said that a shotgun complaint may be dismissed "on that basis alone." *Id*.

Plaintiff's Complaint is the third type of shotgun pleading, comprised of all counts or causes of action being combined into a singular paragraph.  For example, to the extent the Court can make heads or tails of Plaintiff's allegations, it appears that he is attempting to bring multiple causes of action against Primerica, including breach of contract, common law insurance bad faith, and/or statutory insurance bad faith.  However, he only provides a paragraph in which he accuses Primerica of failing to pay under the life insurance policy and engaging in bad faith of several varieties.  (Doc. 1 at 4).  No statutes or specific causes of action are identified let alone used as the basis for organizing Plaintiff's claims.  Therefore, Plaintiff does not give Defendants adequate notice of the grounds upon which his claims rest and the Complaint should be dismissed.

Similarly, Plaintiff's Crossclaim should be stricken.  "[A] pleading may state as a crossclaim any claim by one party against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . ." Fed. R. Civ. P. 13.  "Courts have the inherent authority to strike improperly filed papers other than pleadings." *Arthurs v. Global TPA, LLC*, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015).

Because Primerica and Judge Merryday are not co-parties with Plaintiff, the crossclaims are facially deficient and should therefore be stricken. *See DeBose*, 8:25-cv-2433, at (Doc. 55) (striking a crossclaim where the person who filed it was not a party to the case).

## IV.   Conclusion

The undersigned recommends that Plaintiff's claims against Judge Merryday be dismissed with prejudice, the Complaint (Doc. 1) be dismissed without prejudice with leave to file an amended complaint, and Plaintiff's crossclaim (Doc. 2) be stricken. Although *pro se* parties are often entitled to the opportunity to amend their complaints before dismissal, Plaintiff's claims do not appear amendable. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal."); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") (citation omitted). Judge Merryday is entitled to absolute judicial immunity, so any amendment to those claims would be frivolous. Otherwise, Plaintiff should be given leave to amend his claims against Primerica with the understanding that he cannot name Judge Merryday again and he must address the concerns described herein.

For these reasons, the Court **RECOMMENDS:**

1. Plaintiff's Complaint (Doc. 1) be dismissed.

2. Plaintiff's Crossclaim (Doc. 2) be stricken.

3. Plaintiff's claims against Judge Merryday be dismissed with prejudice.

10

4. Plaintiff be directed to file an amended complaint with his claim(s) against Primerica Life Insurance Company within twenty-one (21) days of the Court's order of dismissal.

5. Plaintiff's Motion to proceed *in forma pauperis* (Doc. 2) be denied without prejudice with leave to either pay the filing fee or refile amotion to proceed *in forma pauperis* if he chooses to file an amended complaint.

**IT IS SO REPORTED** in Tampa, Florida, on March 23, 2026.

_____

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

11